THE EASTON and AMBOY RAILROAD COMPANY, appellants, and THE INHABITANTS OF THE TOWNSHIP OF GREENWICH, IN THE COUNTY OF WARREN, respondents.

1. Township authorities upon which devolves, by law, the duty of keeping the public highways in good order and repair, and which are liable to indictment for failure or neglect to perform such duty, have such special interest beyond the public at large in the highways, as entitles them to file a bill in their own name, to restrain the shutting up or rendering impassable such highways.

2. It is not necessary to the maintenance of such suit, that special authority be given to the authorities by a meeting of the inhabitants of the township in town meeting assembled. The power and duty of defending the rights of the township reside in some of its officials, without the necessity of convening a town meeting to authorize the institution of every particular suit.

3. It will be presumed in such proceedings as the present, that the solicitor and counsel who filed the bill, had full authority to commence the suit.

4. Under a clause contained in their charter, that if a railroad company shall find it necessary to change the location of any portion of any turnpike or other public road, they are authorized and empowered so to do and to

occupy such portions of the turnpike or road as they may deem necessary or expedient, &c., the company are not the sole judges of the necessity or expediency of changing the location, &c. They have not the power to change the location whenever they shall decide that it is necessary or expedient, but only when the necessity, in point of fact, exists.

---

This was an appeal from the decree of the Chancellor ordering that an injunction issue pursuant to the prayer of the respondents' bill, except that the defendants should not be enjoined from such temporary obstruction of the highway in question as might be reasonably and necessarily incident to constructing a suitable culvert over the same.

The opinion of the Chancellor is reported in 9 *C. E. Green* 217.

*Mr. T. N. McCarter*, for appellants.

The opinion of the court was delivered by

DALRIMPLE, J.

The bill in this case is filed by the inhabitants of the township of Greenwich, in the county of Warren, in their corporate capacity. The object of it is to prevent the defendants obstructing and changing the location of one of the public highways of said township.

The defendants' defence upon the merits is founded on a supplement to their charter, approved April 2d, 1873. (*Laws of 1873, p.* 1324.) The third section of that act enacts that if the said company shall find it necessary to change the location of any portion of any turnpike or other public road, they are authorized and empowered to do so and to occupy such portions of the turnpike or road as they may deem necessary or expedient, and in such case they shall cause the changed portion of such turnpike or public road, to be reconstructed at their own expense, in as perfect a manner as the original road or turnpike, and pay all damages done to real estate by such removal of roads and turnpikes. The defendants contention is, that by this enactment, the power is given to them

to judge whether in the construction of their railroad, there exists a necessity or expediency of changing the location of a highway, and that their action in the premises is final and conclusive.

Before considering the legality of this defence, it will be necessary to notice and dispose of certain preliminary objections which the defendants have raised to the complainants' claim to relief.

It is said, in the first place, that the complainants cannot maintain this suit, because they have no special interest beyond the public at large, in the subject matter of the controversy. If they have no such special interest, it must, I think, be conceded that the proceeding should have been instituted by the Attorney-General in behalf of the public. It is familiar law, that the duty of keeping in good order and repair public highways, rests upon the township, and they, in their corporate capacity, are liable to indictment for failure or neglect to perform such duty. The complainants would, therefore, be indictable, and punishable by fine and costs, if they should suffer, or permit the defendants, without legal justification, to shut up and render impassable the highway in question. Nor is the force of this consideration at all affected by the statute which gives the township, in case of fine or amercement for badness, want of repair, or deficiency in the highways, indemnity by action against the overseer, within whose limits the nuisance shall be or happen. It is enough to say, that the township is liable for the performance of the imposed duty, and, in my opinion, is authorized, on this ground alone, to intervene and prevent the doing of a act which is at once especially injurious to itself, and detrimental to the public at large. I think it would be anomalous to hold that a municipality, liable to indictment for the impassability of its highways, has no right, as against a wrong doer who threatens to create the nuisance, to invoke the aid of a court of equity to prevent the threatened mischief. Its right to do so, I think, is so clear on admitted principles of equity and justice, that the citation of authorities, in its sup-

port, is not needed.   I may, however, say, that in the case of *Inhabitants* v. *Connecticut River R. R.*, 4 *Cushing* 63, cited by the Chancellor in his opinion in this case, it was held by the Supreme Court of Massachusetts, Chief Justice Shaw pronouncing the opinion of the court, that the town, inasmuch as it was responsible for the construction and amendment of highways and town ways, and for damages to travelers for losses occasioned by obstructions and defects, had a right to invoke the equity power vested in the court in cases of nuisance, to determine whether such a use of ways as was claimed by the defendants in that case, was, or was not, a justifiable act under the powers granted them.

The remaining preliminary objection is that, assuming that the township may maintain a suit on the facts alleged in this bill, the present suit must fail, because it has not been authorized by a meeting of the inhabitants of the township in town meeting assembled.   This point is made in the answer, and the same benefit of it prayed as if it had been made by demurrer.   But I think it must be held that the power and duty to defend the rights of the township reside in some of its officials, agents, or attorneys, without the necessity of convening a town-meeting to authorize the institution of each particular suit.   I am not aware of any statutory provision for convening a special town meeting for such purpose. Without now attempting to consider or decide whose duty it is, under circumstances like those on which the present proceedings are based, to initiate suit, I think it must be presumed that the solicitor and counsel who filed the bill, had, by virtue of a general retainer, or otherwise, full authority so to do.   Before leaving this point, it may be further observed, that we are asked to dismiss this bill, not upon a general objection that it has been filed without authority, but upon the narrow and technical ground that the suit has not been authorized by a meeting of the inhabitants.   If, as the answer alleges, the town committee ordered the suit, the presumption is that they had the power in fact, if not in law, to do so. Whether this objection can be properly raised by answer or

demurrer, need not now be decided.     Vide *The Inhabitants, &c.,* v. *Booraem,* 5 *Halst.* 257.

The resolution of these preliminary points in favor of the complainants, brings us to a consideration of the main question in the case.     Does the act of 1873, above referred to, make it lawful for the defendants to occupy the site of a public road, and change the location thereof, whenever they shall decide that it is necessary or expedient for them to do so ?     I think that the defendants' contention that such is the proper construction of the act, cannot be supported.     They may exercise the power conferred, not when they simply decide to do so, but when the necessity, in point of fact, exists.     If it can be shown that there is no such necessity, the right does not arise.     An attempt to exercise the right without the necessity contemplated by the act, will be prevented.     The fatal defect in the defence is, that it does not show that any such necessity for the proposed change in the highway exists.     No facts from which it can be inferred, are stated in the answer or in the affidavits attached thereto.     The court is asked to accept the opinions and conclusions of engineers and other witnesses, without being possessed of the facts and circumstances on which they are based.     The defence seems to be put solely on the alleged finality of the decision of the company, its agents and employees.     I do not think that the true reading of the act is that, whenever the defendants shall decide to change the location of a public road, the necessity for such change must be held to exist ; neither the letter nor spirit of the act authorizes such construction.     This view of the case renders it unnecessary to decide what is the precise limit of the power conferred.     Whether the necessity for a change of location of a public road must, as seems to be held by the Chancellor, be an absolute necessity to make the change, in order to construct the railroad, or need only be that reasonable necessity which arises when, without the proposed change, the company would be seriously inconvenienced, or put to great and unreasonable expense, is a question upon which no opinion need be intimated.

It is only necessary to observe, in conclusion, that the complainants aver and prove, that no necessity for the proposed change of route exists, while the defendants have not shown the contrary.

The complainants are entitled to an injunction. They have not lost their right to it by laches, acquiescence, or because, before the filing of the bill, a portion of the highway proposed to be changed had been occupied by the defendants as a crossing for their railroad or otherwise, and thus rendered impassable.

The decree or order appealed from must be affirmed, with costs.

Decree unanimously affirmed.