Dey *v.* Hathaway Printing and Telephone Co.

## DAVID P. DEY

### *v.*

## THE HATHAWAY PRINTING TELEGRAPH AND TELEPHONE COMPANY et al.

1. A complainant is bound to exercise reasonable diligence in the prosecution of his suit, and if he fails for a year after filing his bill to bring the defendant into court, his laches may be regarded as an abandonment of his suit, and his bill may, for that reason, be dismissed.

2. The entry of an appearance for a defendant carries with it a presumption that it was entered by his authority, and if the contrary be alleged, the defendant, in order to oust the jurisdiction of the court, must show affirmatively that it was entered without his authority.

On motion to dismiss bill.

*Mr. Thomas B. Harned,* for motion.

*Mr. Joseph Coult, contra.*

VAN FLEET, V. C.

The defendants move to dismiss the complainant's bill for want of prosecution. The bill was filed April 28th, 1885. On filing his bill, the complainant obtained an order to show cause why an injunction should not issue, and on the return of this order, the defendants answered such parts of the bill as they deemed necessary to show that an injunction should not be granted. The questions thus raised were then discussed, and, on the 21st of May, 1885, they were decided, an injunction being refused. So far as the record now shows, no order denying the injunction has as yet been entered. On the 5th of May, 1886, the defendants gave notice that they would move the court, on the 10th of the same month, to dismiss the complainant's bill. Their motion is made under No. 30 of the rules, which ordains that if a suit be suffered to lie without

prosecution for one year, it shall be considered abandoned, and the bill may be dismissed. The motion is premature. When the notice of the motion to dismiss was given, the suit had not lain without prosecution for one year. As already stated, the complainant's application for an injunction was not decided until May 21st, 1885. It was argued a few days before that date, but up to the time the decision was made, the complainant was ceaselessly prosecuting his application. While his application remained in the hands of the court for consideration his prosecution did not cease, but was constantly going on. In no case should a suitor be held responsible for the delay which may ensue while his case is under consideration by the court. The complainant here prosecuted his suit regularly and vigorously up to the 21st of May, 1885, and this motion, having been made in less than a year after that date, is not entitled to prevail.

On the argument it was stated that the defendants were not yet in court, so as to be answerable to a decree, the claim being that they have not been served with process, nor has the court acquired jurisdiction over them in any other way, so that it may lawfully make a decree against them. If this is true, the complainant's bill should be dismissed. If he has, for over a year after filing his bill, neglected to notify the defendants of the institution of his suit, and to call upon them in the manner prescribed by law to make defence, his laches for so long a period should be regarded as plenary evidence that he had abandoned his suit. Except in certain cases, it is irregular for a complainant to issue subpœna for the defendants to answer before his bill is filed, but as soon as his bill is filed subpœna should issue. *Crowell* v. *Botsford, 1 C. E. Gr. 458.* Chancellor Williamson, in *Lee* v. *Cargill, 2 Stock. 331,* held that it should be exacted of every complainant that he use due diligence in expediting his cause. A suitor in a court of equity is required to exercise reasonable diligence in matters of practice as well as in other matters. Laches are always discountenanced by courts of conscience. It has been said that nothing will call forth the activity of a court of equity but conscience, good faith and reasonable diligence.

An inspection of the record in this case shows, however, that the defendants, on whose behalf this motion is made, are already in court. An appearance was entered for them on the 23d of May, 1885, in the name of the solicitor who makes this motion. But he says it was entered without his authority, and also without his knowledge. Take that to be so, still I think the complainant was justified in treating the defendants as in court. In the absence of notice to the contrary, he had a right to believe that the record was true, and that the defendants had procured their appearance to be entered to dispense with the necessity of bringing them into court by the service of process or otherwise. The entry of an appearance for a defendant carries with it a presumption that it was entered by his authority. If the contrary be alleged, affirmative proof must be produced, and until it is the defendant will be treated as properly in court. *Gifford* v. *Thorn, 1 Stock. 702.* As the record now stands, the defendants must be considered in court. There is nothing before the court which can be regarded as evidence tending to show that their appearance was entered without authority. Their solicitor says it was, but his unsworn statement is not evidence. The question whether or not the defendants are in court, so that the court may make a valid decree against them in case it shall appear that the complainant is entitled to a decree, should be settled at once. The record shows that they are in court. If they mean to dispute the record they should do so without delay. They may do so by applying to have the appearance entered for them expunged from the record. Twenty days will be allowed for that purpose. If they do not apply within that time, their right to make such application will be considered waived, and they will be considered and treated as properly in court.

The complainant has been guilty of negligence, but while his laches have not been so great as to entitle the defendants to the dismissal of his bill, they have been sufficient to make it the duty of the court to direct his future movements in the prosecution of his suit. But no such direction can be given until after the time allowed the defendants to show that they are not in

court has expired. The direction to be given, must, in a large degree, depend upon how that question shall be decided, and should therefore be deferred for the present.