Mutual Life Insurance Co. *v.* Pinner.

THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK

*v.*

HERMAN PINNER.

1. The entry of an appearance for a defendant carries with it a presumption that it was entered by authority. If the contrary be alleged, affirmative proof must be produced, and until it is, the appearance will be held to be valid, but on it being proved promptly after the discovery of the fact that it was entered without authority, the defendant will be relieved from its consequences.

2. A defendant will not be deprived of any of his rights by judicial sentence without an opportunity of being heard in his defence, but the method by which he shall be notified of a suit instituted against him, so that the court may acquire jurisdiction over him, is a subject over which the law-making power of every independent government has supreme control.

3. A decree pronounced against an absent defendant who has been notified of the suit in the manner prescribed by the statute, is, in all respects, just as valid and effectual, for all local purposes, as a decree made against a defendant who has been brought into court by the personal service of process.

On application to set aside an appearance entered for defendant, and also a decree for deficiency made against him, heard on petition and proofs taken in open court.

*Mr. E. D. Gillmore* and *Mr. H. G. Atwater*, of New York, for complainants.

*Mr. John O. H. Pitney*, for defendant.

Van Fleet, V. C.

The defendant applies to have the appearance entered for him in this case set aside, on the ground that it was entered without his knowledge or authority; and he insists, that if he succeeds in his application, that he is entitled, as a necessary consequence of his success on this point, to have the decree for deficiency entered against him, also set aside. The latter measure of relief he claims is necessary, in order fully to redress the wrong which he suffered by the entry of his appearance without his authority. This suit was brought to foreclose a mortgage for $5,000 made by Sarah M. Rose to the complainants on the 11th day of January, 1871. A deed for the mortgaged premises, containing a covenant by which the defendant assumed the payment of the complainant's mortgage debt, was made to the defendant on the 1st day of November, 1871. The complainants filed their bill on the 3d day of June, 1876. The defendant has never been a resident of this state. At the time the mortgaged premises were conveyed to him, as also when this suit was commenced, the defendant was a resident of the state of New York. He was proceeded against as an absent defendant. An order was made on the 5th of July, 1876, requiring him to appear and plead, or demur or answer, on or before the 6th day of September following. The notice of this order, required by the rules, was published and mailed in the manner and within the time prescribed by the order. The proceeding against him, as an absent defendant, was in all respects regular. The court, on proof that all the steps necessary, according to the statute, to give it jurisdiction over him had been regularly taken, made a final decree in the case on the 26th day of September, 1876, condemning the mortgaged premises to sale for the payment of the complainant's debt, and also adjudging, that in case the proceeds of sale were not sufficient to satisfy and discharge the mortgage debt, the

deficiency should be made of the goods and lands of the defendant. An appearance for the defendant was entered on the 5th of September, 1876, by a firm of solicitors who were at that date engaged in practice as copartners. The principal object of the defendant's present application is to have the appearance so entered for him set aside.

More than ten years have elapsed, it will be observed, since the act was done which the defendant now says was unauthorized. If the defendant is responsible for this delay, there can be no doubt that his laches should defeat his application. If, with full knowledge that the act which he now says was wrongful, had been done, he has, for this long period, stood by, neither asking for redress, nor complaining, his conduct would bear but one interpretation : he did not complain before because he knew he had no cause of complaint, and he only complains now, either because he has forgotten what the facts were, or because he believes the proof of them cannot be made. This, however, is not the fact. The defendant says, that he never authorized any one to enter an appearance for him nor to procure his appearance to be entered for him, and further, that he never heard that an appearance had been entered for him until January last. The proofs, I think, demonstrate the truth of both branches of this statement. If the first part of this statement, namely, that the defendant never authorized any one to enter an appearance for him, stood on the defendant's evidence alone, I should have serious doubts whether his recollection could, in view of the fact, that it is undisputed that another transaction, concerning the mortgaged premises occurred during the same year in which his appearance was entered, in which he took a very important part, and which was of a character likely to impress itself very strongly upon his memory, has entirely faded from his memory, be regarded as sufficiently strong and clear to justify the court in accepting his statement as satisfactory proof of the fact affirmed. The defendant's appearance, as already stated, was entered September 5th, 1876. On the 17th of January of the same year, he and his wife executed a mortgage on the premises covered by the complainant's mortgage, to his brother, Moritz Pinner, to

secure the payment of $2,500. Although this mortgage was signed by the defendant and his wife, and acknowledged in due form by both before a commissioner for New Jersey residing in New York, yet the defendant swears that he has lost all recollection of the occurrence. The transaction was one that was likely to fix itself firmly upon his memory; he was not a dealer in real estate; he had had nothing to do with the purchase of this, had never been in possession of it, nor exercised any control over it; he was not in the habit of executing mortgages, the one in question being probably the only one he ever gave. It would seem, therefore, to be neither unjust, nor unreasonable, to believe that, if a transaction so exceptional and important in its character as the execution of this mortgage, could so completely escape from his memory, he had also forgotten a less ceremonious and important transaction occurring in relation to the same property only a few months later. In other words, it would seem to be almost incontestable, that if he had forgotten so important a thing as the execution of the mortgage, he would almost necessarily, in consequence of the same infirmity, also forget so brief and unimportant a transaction as a direction to a solicitor to enter an appearance for him.

But there is other and more satisfactory proof. The defendant's brother, Moritz, swears, that he purchased the mortgaged premises, and paid for them with his own money, and procured the title to be made to the defendant without the defendant's knowledge; he also swears, that he retained the solicitors who entered the defendant's appearance, and instructed them to enter the appearance, and that he did this without the defendant's knowledge and for his own purposes. He says, that he regarded himself as the owner of the mortgaged premises, and that his object in procuring an appearance to be entered for the defendant was to delay the issuing of a *fieri facias*. His object, in that respect, was accomplished. By the entry of the defendant's appearance, a stay of two months was procured, and under a subsequent order, entered under the rules, as of course, a further stay of one month was effected. The time when the appearance was entered shows the object designed to be effected by its entry.

The solicitor who actually entered the defendant's appearance is dead. He died in 1879. The other member of the firm has testified. His testimony corroborates, in important particulars, that of Moritz Pinner. There is no opposing evidence. The evidence as a whole establishes the fact, clearly and satisfactorily, that the defendant's appearance was entered without his authority, either express or implied.

The proofs also show, I think, that the defendant did not know, and never heard that an appearance had been entered for him until January last. He swears that that is the fact. There is nothing in the case which tends to show that his evidence in this respect is not true. The mortgaged premises were sold, on the 12th of June, 1877, for a sum about $1,300 less than the amount due to the complainants. No decree fixing the amount of the deficiency has been entered, nor did the complainants at any time after the sale, until January last, call the defendant's attention to the fact that a decree had been made adjudging him liable for deficiency. So far as appears nothing transpired after the sale, until January last, which was likely to excite the defendant's curiosity or induce him to examine the record in this case. His conduct since the sale of the mortgaged premises has been perfectly consistent with his claim that his appearance was entered without authority, and that he did not know or suspect, until January last, that an appearance had been entered for him. My conclusion is, that no laches can be imputed to the defendant. He was under no duty to seek to have the appearance set aside, until he knew that it had been entered.

The defendant having shown by satisfactory proof that his appearance was entered without his authority, and having promptly asked for relief, has a right, according to the modern rule, to be relieved against the consequences of the appearance. The ancient rule was otherwise. It was formerly held, that a defendant was concluded by an appearance entered for him without his authority, and that the only redress he could obtain, for such a wrong, was by an action against the person who had fraudulently assumed to act for him. *Gifford* v. *Thorn, 1 Stock. 702; Price* ads. *Ward, 1 Dutch. 225.* The injustice of this rule

is manifest. It compelled a defendant to stand bound by the unauthorized act of a mere intermeddler, and held him concluded by a judicial sentence which he had never had an opportunity to contest. The modern rule is firmly settled the other way, and may be stated thus : The entry of an appearance for a defendant carries with it a presumption that it was entered by authority. If the contrary be alleged, affirmative proof must be produced, and until it is the appearance will be held to be valid ; but on its being satisfactorily proved, promptly after the discovery of the fact, that it was entered without authority, the defendant will be relieved from its consequences. *McKelway* ads. *Jones, 2 Harr. 345; Gifford* v. *Thorn, supra; Hess* v. *Cole, 3 Zab. 116; Price* v. *Ward, supra; Dey* v. *Hathaway Printing and Telephone Company, 14 Stew. Eq. 419.* The defendant is entitled to an order, declaring that his appearance was entered without authority, and that it is, in consequence, void and of no effect.

This result, the defendant insists, entitles him also to a decree invalidating that part of the final decree which adjudges that he is liable for deficiency. This would seem to be the defendant's clear right, if the jurisdiction which the court exercised over him, in pronouncing the decree, was derived solely from the appearance entered for him. But this is not the fact. The court, at the time it made the decree in question, had acquired full and complete jurisdiction over him by other means than the appearance. He had been proceeded against as an absent defendant, and such notice of the suit had been given to him as the statute directs. Jurisdiction thus acquired invested this court with full power to make such decree as it should think equitable and just. *Rev. p. 106* § *18.* While it is a fundamental principle of every civilized code of laws, that no person shall be deprived of his rights, either of person or property, by judicial sentence, without an opportunity of being heard in his defence ; yet the method by which a defendant shall be notified of a suit instituted against him, so that the court may acquire jurisdiction over him— whether the notice shall be actual or constructive—is a subject over which the law-making power of each government has supreme control. *Hess* v. *Cole, 3 Zab. 116; Moulin* v. *Insur-*

*ance Company, 4 Zab. 222.* In the language of Chief-Justice Beasley, " Every independent government is at liberty to prescribe its own methods of judicial process, and declare by what means parties shall be brought before its tribunals." *Mackay* ads. *Gordon, 5 Vr. 286.* A decree pronounced against an absent defendant, who has been notified of the suit in the manner prescribed by the statute, is, in all respects, just as valid and effectual, for all local purposes, as a decree made against a defendant who has been brought into court by personal service of process. The defendant is not entitled to a decree vacating the decree of deficiency.

The question whether or not the defendant is entitled, on the merits, to a decree vacating the decree for deficiency, has not been considered. Although the defendant, by his petition, denied that he had made a contract which could be the basis of such a decree, yet when he came to offer his proofs, he declined to go into evidence upon that subject, limiting his proof, on direct examination, to evidence tending to show that his appearance had been entered for him without his authority. There is, however, some evidence, elicited on cross-examination, tending to show that the covenant, on which the decree for deficiency rests, was inserted in the deed by which the mortgaged premises were conveyed to the defendant, without his knowledge or assent. But the defendant, having refused to try the question whether the decree for deficiency rests on a valid contract or not, and thus prevented the complainants from submitting their proofs on that subject, has no right to ask a judgment in his favor on that question, although the proofs, in their incomplete condition, may seem to show a case entitling him to relief.