MARY E. McGUINNESS, respondent,

*v.*

THOMAS McGUINNESS, appellant.

[Argued November 28th, 1906.   Decided January 8th, 1908.]

1. A wife sued for divorce, for the custody of the children, and for alimony. The husband, a non-resident, was only brought in by publication and personal service out of the state of a notice of the pendency of the suit. He did not appear. A decree as prayed for was granted. His property in the state was sequestered to enforce the decree. He filed a petition attacking the validity of the decree for lack of jurisdiction, and prayed for the vacation thereof, for the setting aside of the writ of sequestration, and for the dismissal of the bill, and for "other and further relief."—*Held*, that his appearance for this purpose was not a general submission to the jurisdiction of the court, and did not operate to give validity to the adjudication against him of which he complained.

2. An award of alimony, in a decree for divorce, whether absolute or from bed and board, is void against a defendant who has not been served with process within the state and has not entered an appearance in the suit; and is not enforceable against property of defendant within the state.

On appeal from an order of the court of chancery, reported in *71 N. J. Eq. (1 Buch.) 1.*

*Mr. Howard Carrow,* for the appellant.

*Mr. Clarence Kelsey,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

On July 7th, 1899, the complainant, Mrs. McGuinness, filed a bill in the court of chancery against her husband, seeking a decree divorcing them *a mensa et thoro,* and awarding to her the custody of their children, and requiring him to provide suitable

support and maintenance for herself and her children and to pay a proper amount for counsel fees during the suit. The husband, a resident of the State of Pennsylvania, was brought in, not by service of process, but by publication, and a personal service, out of the state, of a notice of the pendency of the suit. He did not appear to the suit and a decree *ex parte* went against him, granting the complainant the relief prayed for by her bill and directing him to pay to the complainant the sum of $1,890, being an amount equal to the payment of $19.23 per week from the time of the filing of the bill to the date of the making of the decree (which was May 18th, 1901), and also to pay her the sum of $19.23 per week from the date of the decree until the further order of the court for the support and maintenance of herself and their three children. The defendant, having failed to comply with that part of the decree which directed the payment of moneys by him, a writ of sequestration was issued against him, under which certain properties belonging to him in the city of Jersey City were sequestered and the income therefrom appropriated to the payment of those moneys. The defendant then filed a petition setting out that he was, at the time of the institution of the suit, a resident of the State of Pennsylvania; that no jurisdiction had been obtained over him by the court in the suit for divorce, and that he had no knowledge that the bill of complaint prayed for the permanent alimony or counsel fee until after a decree had been signed in the case. The petition then alleged that for those reasons the final decree should not have been made and that the writ of sequestration should not have been issued, and prayed

"that the enrollment in said cause be opened; that the final decree and all orders therein be opened and vacated, and that the subpœna *ad respondendum* and the service thereof, together with the writ of sequestration, be set aside, and that the complainant's bill be dismissed, and for such further and other relief in the premises as may be agreeable to your honor."

After hearing, the petition was dismissed by the chancellor; and from the order of dismissal this appeal is taken.

The sole ground upon which the relief sought by the petition

was asked by the defendant was the lack of jurisdiction of the court of chancery. The conclusion reached by the chancellor was, that so far as the question of the jurisdiction of the court for the purpose of granting a divorce *a mensa et thoro* against the defendant was concerned, it had been obtained over him by the service upon him, out of the state, of the notice of the pendency of the suit; that for such purpose it was not necessary there should be an actual service of process; that reasonable notice, given to him outside of the jurisdiction, affording him an opportunity to come in and defend, was all that was necessary in order to make a valid decree of divorce against him, and that this he had received. He further considered that the power to decree a divorce, and so break up the family relationship, carried with it as a necessary incident the power to adjudicate with relation to the custody of the offspring of the marriage, and award such custody to either the father or the mother, as the interests of the children should require. I concur in the view of the chancellor that, to the extent indicated, jurisdiction was obtained over the defendant by service of notice out of the state and in the reasons which led him to that conclusion, as expressed in his opinion.

Having reached the conclusion that the court had acquired jurisdiction over the defendant for the purpose of decreeing a divorce of the parties and awarding the custody of their children to the complainant, the learned chancellor proceeded to consider whether the defendant was entitled to a revocation of so much of the decree as imposed upon him the payment of the moneys specified therein, and of the subsequent proceedings had for the purpose of enforcing that part of the decree, and concluded, that even if the court was without jurisdiction to decree alimony against the defendant at the time when the decree was made, its annulment should be denied him, for the reason that by seeking to have vacated, not merely the order for alimony and its incidents, but the whole decree, and all the proceedings which led up to it, including a dismissal of the bill of complaint, and by praying "for further and other relief," the defendant had submitted himself to the jurisdiction of the court upon the whole case. The doctrine upon which this conclusion is rested is thus

formulated by the learned chancellor: "A defendant, who, claiming that the court in which a suit against him is pending, has not acquired jurisdiction over him, attacks the jurisdiction, even under a special appearance, will be held to have submitted himself to the jurisdiction if, under such appearance, he seeks some relief upon the merits."

The doctrine appealed to, it will be perceived, applies *in terms* only in cases where the defendant has appeared in a pending litigation, but it was considered by the chancellor that the reason upon which it rested was equally applicable where the defendant sought to challenge the validity of a judgment already entered, upon the ground that jurisdiction had not been acquired over him; and the numerous cases cited by him in support of this view fully bear him out.

I have no criticism of the rule which declares that a defendant, who in one breath challenges the jurisdiction of the court in a pending suit, and, in the next, asks relief against the plaintiff on the merits in the same litigation, submits himself generally to the jurisdiction, for I can imagine no more potent act of submission by a party defendant in a pending suit than the asking that affirmative judicial action be taken in his behalf for meritorious reasons. And, indeed, as the chancellor points out in his opinion, this court has already committed itself to the doctrine in the case of *Polhemus* v. *Holland Trust Co., 61 N. J. Eq. (16 Dick.) 654.* The view, however, that the effect of an application to set aside a void judgment for meritorious reasons, which is refused consideration by the court, operates to give life to the judgment, and converts it into an outstanding obligation against the defendant, seems to me of doubtful soundness. When a defendant, over whom the court has not acquired jurisdiction, appears in a pending suit and seeks relief upon the merits, he afterward has his day in court; he may contest the plaintiff's claim, and if the form of the litigation permits it, may even have an affirmative judgment in his favor. His appearance confers upon the court jurisdiction to *proceed* to judgment. But a defendant who appears in court for the purpose of obtaining relief against a judgment which is *coram non judice,* and seeks that relief both upon jurisdictional and upon meritorious grounds, never has had his

day in court, if a hearing on the meritorious question is denied him. The judgment at the time when he appears is a nullity. If he seeks to have it declared void solely upon the ground of want of jurisdiction in the court to pronounce it, the court must so declare it. If he further asserts that on the merits of the case the judgment should never have been rendered against him, and asks to have it vacated, and an opportunity afforded him of being heard on the merits, on what theory of law is it to be said that he has, by this act, given life to a judgment which before had no legal existence, and by the same act has forever barred himself from the right to have it opened, no matter how complete a defence he may have had to the suit upon the merits? I am inclined to think that, in order to render jurisdiction complete, there must be not only the offer of the defendant to submit himself to the jurisdiction by praying relief from the void judgment upon meritorious grounds, but also acceptance of the offer on the part of the court by a consideration and determination of the meritorious question presented.

But, as I view the present case, it does not involve a determination of the soundness of the view upon which I have commented, and any declaration upon it would be *obiter*. The defendant challenged the proceedings which he sought to have set aside upon the sole ground of lack of jurisdiction; and he asked for no relief upon any other ground, either meritorious or non-meritorious. His appearing in court for the specific purpose of challenging the jurisdiction, was, under the cases, not a general appearance to the suit, and that without regard to whether his challenge was successful or not. If altogether successful he would have been entitled to a nullification of all proceedings subsequent to the filing of the bill. If altogether unsuccessful his failure would have been due to the fact that the court had already acquired jurisdiction over him for all purposes of the litigation, and his appearance could not, therefore, operate to confer jurisdiction. The fact that his challenge was well founded as to a part of the decree and ungrounded as to another part could, it seems to me, no more operate to validate that part of the decree which it was beyond the jurisdiction of the court to pronounce than to invalidate that portion of the decree which the

court had power to make against him. Legal rights are not destroyed by the mere assertion that they are more extensive than they afterward turn out to be upon investigation.

Concluding that the defendant is not barred by his course of procedure, there remains the question whether an award of alimony in a decree of divorce *a mensa et thoro* is void against a defendant who has not been served with process within the territorial limits of the state and has not entered an appearance in the suit. It has been frequently held, since the decision of *Pennoyer* v. *Neff*, 95 U. S. 714, that an award of alimony contained in a decree for absolute divorce is void under such circumstances, and for the reason that it is a judgment *in personam* within the meaning of that decision. But it is suggested that the peculiar character of a proceeding for a limited divorce, which leaves the marital relation unbroken, and recognizes the right to enforce the husband's duty to support his wife and family, takes an award of alimony made therein out of the rule of *Pennoyer* v. *Neff*, at least to the extent of rendering it enforceable within the state. The suggestion does not commend itself to me. The allowance of alimony in a suit for divorce, whether the divorce sought be *a vinculo* or *a mensa et thoro*, is made, as is stated by Justice Pitney in *Lynde* v. *Lynde*, 64 N. J. Eq. (19 Dick.) 751, 752, "as a means of enforcing the continuing duty of support which the husband owes to the wife, and of which he is not permitted to absolve himself by his own misconduct, even though that misconduct results in a dissolution of the marriage." By our statute, as is pointed out in the same case (at *p.* 754), "alimony on a divorce *a vinculo* is placed on the same basis as that which is allowed on a divorce *a mensa et thoro*. Both are provided for by the same section of the act, and both are placed within the discretion of the court of chancery so far as concerns their adjustment, from time to time, according to the varying circumstances of the parties." The personal character of the judgment is as marked in the one case as the other.

It is further argued that although unenforceable outside of the state, a decree for alimony is enforceable within our jurisdictional limits against property of the defendant by force of the provision of our statute which authorizes the sequestration of

such property for the purpose of raising the moneys awarded by it. But clearly if a judgment *in personam,* rendered against a person over whom the court has not obtained jurisdiction, violates the fourteenth amendment of the federal constitution, as was declared in *Pennoyer* v. *Neff,* and is for that reason absolutely void even in the state where rendered, as is declared to be the case in *Haddock* v. *Haddock, 201 U. S. 567,* no legislation of that state can operate to give it life.

The order appealed from will be reversed.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, HENDRICKSON, SWAYZE, TRENCHARD, VREDENBURGH, VROOM, GREEN, GRAY, DILL—10.

*For affirmance*—None.