The final decree enjoining the violation of implied covenants touching the use of lands owned by the defendants was *Page 185 
entered in this cause on June 17th, 1937, pursuant to the opinion of this court adopted by the court of errors and appeals upon its affirmance of that decree, and reported in 124 N.J. Eq. 24.
After such affirmance and remittitur, and on July 9th, 1938, two of the defendants, William T. Johnson and Louis E. Johnson, filed a petition in this cause praying that the final decree be amended by deleting their names from that portion of the decree directing all of the defendants to pay complainant's taxed costs including the counsel fee awarded to him. Both petitioners are non-residents and each is the owner of an undivided one-third interest in the premises involved in this litigation. Upon the filing of the bill of complaint, and the return of the subpoena "not found" as to these defendants, an order of publication was entered, and subsequently vacated on the date of its entry by a consent order signed by the solicitor of co-defendants as solicitor of the petitioners. On February 19th, 1938, an appearance was entered on behalf of these defendants by the same solicitor. The cause proceeded to a final hearing at which these two defendants-petitioners appeared and testified as witnesses on behalf of the defendants.
Attached to the petition is an affidavit of the petitioner William T. Johnson in which it is averred that the appearance entered for him was unauthorized and that he had no knowledge that he was a party defendant to the cause until after the final decree was entered, when a family conference was held at which it was decided that an appeal should be taken from the decree of this court, and additional counsel to be associated with the solicitor who entered these appearances was employed. The solicitor refused to prosecute such an appeal, however, until his fees for services in this court were paid or secured. Payment of such fees was secured by two notes for $500 each signed by both petitioners and delivered to the solicitor as collateral for a note or notes in the sum of $1,000 executed by one of the corporate defendants. One of these $500 notes was subsequently paid by the petitioners. Notice of appeal from the decree of this court, dated June 25th, 1937, was filed on June 26th, 1937. The *Page 186 
appeal was prosecuted by the solicitor who entered the appearances for these petitioners in association with new counsel employed by all of the defendants; and this appeal resulted in an affirmance as already stated.
The affidavit of the petitioner Louis E. Johnson, attached to the petition, contains similar averments.
Upon the filing of the petition an order to show cause was advised and the matter now comes before the court on the return of that order. On the return day of this order to show cause the petitioner Louis E. Johnson applied for and was granted leave to withdraw his petition. It is only the rights of the remaining petitioner, William T. Johnson, that are here involved. It now appears that the appearances entered and answers subsequently filed on behalf of these petitioners were unauthorized, although it should be stated that when entered and filed the solicitor for the other defendants honestly believed that he had been authorized to do so.
"The entry of an appearance for a defendant carries with it a presumption that it was entered by his authority. If the contrary be alleged, affirmative proof must be produced, and until it is the defendant will be treated as properly in court." Norris v.Douglass, 5 N.J. Law [*]817; Gifford v. Thorn, 9 N.J. Eq. 702;Price v. Ward, 25 N.J. Law 225; Easton and Amboy Railroad Co.
v. Township of Greenwich, 25 N.J. Eq. 565; Dey v. HathawayPrinting, c., Co., 41 N.J. Eq. 419; Mutual Life Insurance Co.
v. Pinner, 43 N.J. Eq. 52.
The burden of such proof is upon the one alleging that the appearance was unauthorized. Dey v. Hathaway Printing, c.,Co., supra; Mutual Life Insurance Co. v. Pinner, supra.
While an unauthorized appearance will not confer jurisdiction over a non-resident defendant so far as to make the judgment of the court binding upon him (Gifford v. Thorn, supra), the unauthorized act may be affirmed and ratified so as to validate what would otherwise be a void judgment. Gifford v. Thorn,supra; Onken v. Onken (Court of Errors and Appeals),123 N.J. Eq. 156. Ratification may arise from the adoption and approval of the acts of the attorney. *Page 187 Stark v. Starr, 94 U.S. 477; Irwin v. Blake, 8 Peters
(U.S.) 18; 8 L.Ed. 852; August v. Collins, 265 Mich. 389;251 N.W. Rep. 565; or by payment of the attorney for his unauthorized services. Onken v. Onken, supra; Ryan v. Doyle,31 Iowa 53; or prior proceedings in a cause may be ratified, and the lack of jurisdiction cured by a subsequent appearance and step therein. 3 Am. Jur. 806 tit. "Appearances" § 37. The cited text of this work is as follows:
"According to the general rule, if a judgment has been entered without jurisdiction of the person of the defendant, the defect is cured if the defendant thereafter appears and participates in subsequent proceedings or invokes the action of the court for his benefit. In other words, a general appearance after final judgment waives defects and irregularities in the service of summons and return, just as fully as an appearance entered before final judgment."
And numerous cases are cited in the footnote.
Or the defect may be cured by an appeal to a higher court on the merits. Order of Railway Conductors of America v. Bandy,177 Ark. 694; 8 S.W. Rep. 2d 448, 451. In that case the court said:
"The theory of these cases is that the defendant recognizes the case as being in court, with jurisdiction over the parties, by appealing. The reason underlying the doctrine is that no appeal would be taken by a party unless the court acquired jurisdiction over his person, and he necessarily assumes the attitude that such jurisdiction had been acquired when he appeals, and having taken that position, he is bound thereby, and will not be heard afterwards to say otherwise."
And in State Board of Medical Examiners v. De Young, 4 N.J.Mis. R. 75; 132 Atl. Rep. 87, it was held that the failure of jurisdiction of a person was cured by the defendant's appearance to request that a default judgment be opened.
In the argument on the return of the order to show cause it was strenuously insisted that on the authority of McGuinness v.McGuinness, 72 N.J. Eq. 381, complainant's decree was not binding on petitioner; but a careful reading of that decision shows that it does not support the argument. There *Page 188 
the petition to vacate the decree on the ground of lack of jurisdiction was dismissed by the court of chancery without a hearing upon its merits, and upon the ground that the mere filing of such a petition constituted a general appearance which validated all previous proceedings in the cause. The court of errors and appeals held this to be error because relief was sought both upon jurisdictional and meritorious grounds; and the defendant had never had his day in court. Here not only did the petitioner by the payment, or securing the payment, of the solicitor's fee, ratify his previously unauthorized acts in entering an appearance and filing an answer for him, but in prosecuting the appeal petitioner's cause was completely reheard upon its merits. No attack was made upon the decree upon jurisdictional grounds, although that was petitioner's privilege. Not having done so, but electing to appeal and be heard upon the merits of the cause, he must be considered as having waived the technical ground and to be bound by the decision upon the merits. In the very case upon which petitioner's counsel seems to rely most strongly, McGuinness v. McGuinness, supra, Chief-Justice Gummere, speaking for the court of errors and appeals, said (atp. 384):
"I have no criticism of the rule which declares that a defendant, who in one breath challenges the jurisdiction of the court in a pending suit, and, in the next, asks relief against the plaintiff on the merits in the same litigation, submits himself generally to the jurisdiction, for I can imagine no more potent act of submission by a party defendant in a pending suit than the asking that affirmative judicial action be taken in his behalf for meritorious reasons. And, indeed, as the chancellor points out in his opinion, this court has already committed itself to the doctrine in the case of Polhemus v. HollandTrust Co., 61 N.J. Eq. (16 Dick.) 654."
It should also be noted that the petitioner appeared at the final hearing in this court and testified for the defense; and it is conceived that he could not have given any additional evidence or presented any additional defense had his subsequently ratified appearance then been authorized. Also that *Page 189 
this application comes more than a year after petitioner's discovery that he was a party to the suit and that judgment had been entered against him.
In a supplemental brief filed on behalf of the petitioner, it is argued that he should not be charged with neglect for more than a year in challenging this court's jurisdiction because of the unauthorized appearance, inasmuch as he did not discover that an appearance had been entered for him until after the affirmance of this court's decree by the court of errors and appeals. But how did he think he had been brought into court? He is a physician of some standing and not below, but rather above, the standard of ordinary intelligence; and his brother and co-petitioner is a lawyer — a member of the New York bar. Both attended the family conference at which it was decided to appeal and it is inconceivable that he did not learn of the fact that an appearance had been entered for him by the solicitor of his co-defendants. But if he did not then know this fact, he should have known. It is conceded that he then learned that he was a party defendant to the suit and that a decree had been entered against him personally pursuant to which he had become liable for costs. He was then put upon inquiry as to the process by which he had been brought into court. He knew that he had not been served with subpoena to answer and his brother — a lawyer — also knew it. Immediately after the family conference astute counsel was retained to prosecute the appeal and the record of the cause was an open book. The printed state of the case contains a copy of the unauthorized appearance. If, in spite of these facts, the petitioner remained ignorant of the fact that an appearance had been entered for him until after his appeal upon the merits had been heard and decided, it must have been the result of inexcusable negligence, by which he is bound.
The petitioner does not here seek to vacate the entire decree as to him, but only that portion which directs the payment of costs and counsel fee by the defendants. The brief of counsel for the petitioner-defendant contains this statement: *Page 190 
"Our petition does not ask that the decree be declared to be null and void as to the Johnsons, but only that they should not be decreed to pay the costs which were incurred before they were active and actual parties to the suit."
The prayer of the petition is to the same effect. The inconsistency of this position is obvious. The petitioner cannot in one breath admit the validity of the decree as to its merits and in the next object to that portion awarding costs and counsel fee. He has already, by his appeal, had his day in court on the question of costs as well as upon the merits. The petition will be dismissed, with costs.