RYAN v. DOYLE *et al.*

31   53
119  235

1. Trusts: CONVEYANCE: PURCHASER WITH NOTICE. A person purchasing land from one whom he knows holds it in trust for another, will take it subject to such trust, and be regarded as a mere trustee of the title.

2. Jurisdiction: ATTORNEY: UNAUTHORIZED APPEARANCE. An unauthorized appearance by an attorney in a case where there has been no personal service on the defendant, may be so ratified by payment to the attorney of compensation for his services, as to confirm the jurisdiction and validate the judgment.

3. Statute of limitations: FRAUD. Our statute of limitations (Rev., § 2741) does not begin to run in actions for relief on the ground of fraud until the discovery of the fraud by the aggrieved party.

*Appeal from Dubuque District Court.*

FRIDAY, JANUARY 27.

ACTION in equity to enforce a conveyance of the E. ½ N. W. ¼, section 9, township 87 N., range 1 west.

Decree for plaintiff, from which he appeals. The necessary facts are stated in the opinion.

*Wilson & Doud* for the appellants.

1. Lane being Ryan's agent could not acquire any interest in the land or notes adverse to Ryan. Whatever interest he may have acquired he held in trust for Ryan. The law applies the same rule to agents, trustees, and all persons sustaining confidential relations to others in dealing with

the subject of their agency or the property or interests of their *cestui que trust*. *McGregor* v. *Gardiner*, 14 Iowa, 336–339; *Clark* v. *Lee*, 14 id. 425; *Sypher* v. *McHenry*, 18 id. 233; *Davidson* v. *Smith*, 20 id. 467; Story on Agency, §§ 210, 211 *a*, 212, and notes, pages 233–243 (ed. of 1863); 1 Story's Eq., §§ 312 *a*, 323, 322, 329 *a* (ed. 1866); *Butts* v. *Woods*, 37 N. Y. 317; *Gardner* v. *Ogden*, 22 id. 327; *Mead* v. *Bunn*, 32 id. 278; *Cumberland Coal Co.* v. *Sherman*, 30 Barb. 553, and cases; *Robinson* v. *Smith*, 3 Paige's Ch. 222; *Jenkins* v. *Eldridge*, 3 Story, 290; *Easton* v. *Clark*, 35 N. Y. 225; *Cumberland Coal Co.*, 16 Md. 456; *Cumberland Coal Co.*, 20 id. 117; *Fox* v. *McRaith*, 1 White and Tudor's Leading Cases in Equity, 138; *Landis* v. *Scott*, 32 Penn. St. 498.

2. The payment of the $100 note extinguished it and the mortgage. *Champany* v. *Coope*, 34 Barb. 539–543; *Truscott* v. *King*, 6 N. Y. 147; *Mead* v. *York*, id. 152; *Cameron* v. *Irvin*, 5 Hill, 272.

And the assignment of the mortgage by Sanford without assigning the note, and particularly after the note was paid, conveyed no interest to Lane. *Pope* v. *Jacobus*, 10 Iowa, 262; *Johnson* v. *Cornnett*, 29 Ind. 59; 4 Kent's Com. (11th ed.) 221.

It is not necessary that the notes should have been paid with Ryan's money or the proceeds of his property. *Beck* v. *Sweezy*, 35 Me. 41; *Beck* v. *Pike*, 11 id. 9; *Brothers* v *Porter*, 5 B. Mon. 106; *Easton* v. *Clark*, 35 N. Y. 225.

3. Lane was unfaithful to his trust as agent, and he and his wife Johanna abused the confidence reposed in them by Ryan, and neither is entitled to compensation for services in the transaction. *Venum* v. *Gregory*, 21 Iowa, 326; *Sidney* v. *Carpenter*, 16 Ohio, 412; Story on Agency, §§ 331 to 334.

4. It was the imperative duty of Lane to keep a regular and correct account of the business which, as he failed

to do, every presumption of fact is against him. *Landis* v. *Scott*, 32 Penn. 499; Story on Agency, § 203.

5. The alleged judgments are invalid. Service was made in both cases by publication, while Ryan was absent in California, and without his knowledge or any notice to him, and without any jurisdiction. The first judgment remaining as procured by Lane precluded, and was a bar to, the second.

The appearance by Mulkern in the latter case was without any authority, and was never ratified by Ryan. Ratification must be deliberately made with a full knowledge of the facts and law, and of Ryan's rights in a court of equity. *Cumberland Coal Co.*, 30 Barb. 553; *Cumberland Coal Co.*, 16 Md. 456; *Cumberland Coal Co.*, 20 id. 117; *Harshey* v. *Blackmar*, 20 Iowa, 161.

6. The action of Lane in relation to said notes, land and judgments, was a fraud upon Ryan, from which neither Lane or these defendants can reap any benefit or reward. *Barber* v. *Lyon*, 13 Iowa, 37; Story's Eq., §§ 1265, 188, 190, 184; *Devoe* v. *Fanning*, 2 Johns. Ch. 252; *Armstrong* v. *Houston*, 8 Ohio, 553; *Mitchel* v. *Dunlap*, 10 id. 118; 1 Story on Cont., § 495; Willard's Eq. 147–150; *Arnold* v. *Grimes*, 2 Green, 80, 81.

7. If the pretended account set up by defendants as a cross demand ever had any existence in fact, they are not the owners of it and are not entitled to have it considered in this action; because it is personalty and was never administered upon or distributed as assets of Lane's estate. *Rhodes* v. *Stout*, 26 Iowa, 313; *Cullen* v. *O'Hara*, 4 Mich. 132; *Morton* v. *Preston*, 17 id. 60; *Lawrence* v. *Wright*, 23 Pick. 128; 1 Williams' on Exec. 546, 547, 664.

8. The statute of limitations affords no shield to defendants. 1. Ryan commenced his action promptly (February, 1867), after the discovery of the fraud (in the fall of 1866). 2. Lane having procured the title while agent for Ryan held it in trust for him, and the right of action did not ac-

Ryan v. Doyle.

crue till Ryan's demand, and refusal on the part of defendants, to convey the legal title to him. *Robinson* v. *Lake*, 14 Iowa, 421; *Jones* v. *Hockman*, 12 id. 106; *Mc-Lenan* v. *Sullivan*, 13 id. 521; *Stanley* v. *Morse*, 26 id. 455; *Baldwin* v. *Tuttle*, 23 id. 66; *Gray* v. *May*, 16 Ohio, 66.

9. If Ryan had left no means in the hands of Lane sufficient to pay the notes, and if Lane had paid any part of them with his own money over the amount in his hands, he would be entitled to only six per cent interest on such advances.

*D. E. Lyon* for the appellee.

DAY, Ch. J.— The evidence is very voluminous, and the facts are quite complicated. In a case so much involved,

1. TRUSTS: conveyance: purchaser with notice.

it is not possible for the mind to reach any determination in which it will firmly rest with an abiding conviction of its correctness. The most that can be hoped is, that a conclusion will be attained that is more reasonable and rests upon evidence more convincing and satisfactory than any other which could be evolved from the testimony introduced. A detailed statement of the evidence submitted with this case would neither interest the profession nor advance the ends of justice. It is sufficient to say, that the testimony submitted in the abstract has received a careful examination by each member of the court, and that, while it is not free from conflict and doubt, the facts in favor of which it preponderates are as follows, to wit:

On the 14th day of October, 1852, H. W. Sanford entered for the plaintiff the E. ½, N. W. ¼, sec. 9, town. 87 N., range 1 west, taking the title in his own name, executing to plaintiff a title bond therefor, and receiving from plaintiff, in consideration thereof, his note for $115, payable in one year, with interest, at twenty per cent after due.

Patrick D. Lane, former husband of the defendant, Johanna Doyle, advised the plaintiff to purchase said land, and had full knowledge of the terms of his contract with Sanford. On the 17th of January, 1853, the plaintiff borrowed of Sanford $80, for which he gave his note for $100, payable in one year, secured by mortgage on the W. $\frac{1}{2}$, N. E $\frac{1}{4}$, sec. 9, town. 87 N., range 1 W. In April, 1853, the plaintiff went to California. He left various articles of personal property with Patrick D. Lane, those which are satisfactorily established by the testimony being the following, to wit: House logs of the value of $20; one cow of the value of $30; one heifer of the value of $12; ten hogs of the value of $25. Lane, as the agent of Ryan, agreed to pay Sanford, at their maturity, the amount of the two notes before named. Lane appropriated to his own use the property left in his custody. On the note of $115 executed by Ryan to Sanford, Lane paid, January 25, 1855, $36.10; May 28, 1855, $100; November 29, 1855, $20; and he procured a deed to be made to himself by Sanford for the said E. $\frac{1}{2}$, N. W. $\frac{1}{4}$, sec. 9, in consideration of which the note was executed. On the note of $100, Lane also paid, February 3, 1854, $18; July 2, 1855, $50; November 29, in full, $65; and he procured an assignment to himself of the same, and of the mortgage given to secure it. In 1856, Lane commenced an action against Ryan upon said note of $100, and upon various items of account, and, after his decease, the action was prosecuted by the administratrix of his estate, Johanna Lane (now Doyle), who, on the 30th of June, 1857, obtained judgment by default against Ryan for the sum of $514.76. Afterward Johanna Lane, administratrix, etc., commenced another action against Ryan on the same note and account, and, on the 19th of March, 1860, obtained judgment against him for the sum of $244.42. No personal service of either of those actions was had upon Ryan. In the latter, one M. B. Mulkern, but without previous authority from Ryan, entered an appearance for defendant.

Ryan, however, subsequently so far ratified and recognized his act as to pay him for the service rendered. The account upon which these judgments were obtained is the same as that which is made the subject of cross demand in this action. Although the evidence does not disclose the fact, yet it is a fair inference from the arguments of counsel upon both sides that the first judgment was obtained without any jurisdiction of the person of defendant or *in rem*, and that it is of consequence void. In August, 1862, Ryan sent to Mrs. Lane from California $125, and, in March, 1863, the further sum of $50. In 1866, Ryan returned from California, and then learned for the first time of the judgments against him, and the condition of his property. Testimony was introduced bearing upon many other incidental and collateral facts, but only those above stated are necessary to a determination of the case. It is clearly established, that Patrick Lane, at the time he paid the note of $115 and took to himself the deed to the land in controversy, had knowledge of the contract of Ryan for the same. Lane, therefore, became trustee of the title for Ryan; and his heirs, the defendants, succeeded to the estate burdened with the same trusts which attached to it in his hands. The amount paid by Lane, on the $115 note, was money advanced to the use of Ryan, upon which Lane is entitled to but six per cent interest instead of twenty per cent, which was allowed by the court below. The entire amount of these payments, with the above-named interest to the present time, is $302.86. As an offset to this, the plaintiff is entitled to interest at the same rate and to the same time, upon the value of the property left with Lane, and by him appropriated, and upon the $175 forwarded to Johanna Lane. These sums taken together, with the interest thereon, amount to $441.65.

It is reasonable that this sum should go in liquidation of the amount advanced by Lane upon the land in question,

Ryan v. Doyle.

rather than in discharge of the judgment of **2. JURISDIC-TION: attorney: unauthorized appearance.** $244.42 before alluded to. Applied in this way there is left $138.79, to be credited on said judgment. This judgment Ryan, having adopted the acts of the attorney who appeared for him, by paying him for service, should discharge, together with the costs thereon accrued.

It is claimed that Ryan's action is barred by the statute of limitations, under section 2740 of the Revision. The evidence, however, shows that Ryan did not **3. STATUTE OF LIMITATIONS: fraud.** discover the fraud until his return from California in 1866. The statute of limitations did not begin to run till that time. Rev., § 2741.

A decree will be entered, appointing a commissioner to convey to Michael Ryan all the right, title and interest of the defendants in and to the said E ½ of N. W. ¼ section 9, township 87 N., range 1 W.; also directing that the said judgment before referred to against Michael Ryan for the sum of $244.42 be credited with the sum of $138.79, and that the balance, together with the costs accrued thereon, be enforced against the said Ryan. The defendants will pay the costs of this suit, in the district court, and of this appeal. For the purpose of entering this decree, this cause is remanded to the court below.

Thus modified the decree of the district court is

Affirmed.