[Sac. No. 811.   Department Two.— July 9, 1901.]

THE PEOPLE, Appellant, v. JOHN MADDEN et al., Re-
spondents.   JOHN McGAHEY, Intervener, Respondent.

Action upon Official Bond of Treasurer — Authority of District
  Attorney — Ratification — Erroneous Dismissal. — It is error to
  dismiss an action, brought by the district attorney in the name of
  the people, on the official bond of the county treasurer, to recover
  moneys of the state and county, fraudulently converted by him, on
  the ground that it was commenced without authority, where it ap-
  pears that the act of the district attorney was ratified both by the
  supervisors and by the grand jury, which lawfully directed him to
  continue its prosecution.
Id. — Dismissal of Action — Lack of Authority of Plaintiff's At-
  torney — Reason for Rule — Effect of Ratification. — The
  right of the defendant to move to dismiss an action for lack of au-
  thority of the plaintiff's attorney to institute it, is based on the
  ground that he might be twice compelled to litigate the same cause
  of action; but this reason ceases, and with it the rule, if the act of
  the attorney is subsequently ratified by the plaintiff.

APPEAL from a judgment of the Superior Court of Modoc
County.   J. W. Harrington, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney-General, and John E. Raker, ex-
District Attorney, for Appellant.

G. F. Harris, for John McGahey, Intervener, Respondent.

J. H. Stewart, for John Madden, Respondent.

G. F. Harris, and E. C. Bonner, for other Respondents.

SMITH, C.—Appeal from a judgment dismissing the action.
The suit was brought against the defendant Madden, county
treasurer, and his sureties, to recover the sum of $34,825.35,
money of the state and county, fraudulently converted by him.
Judgment was entered by stipulation against the sureties, —
excepting one, as to whom the action was dismissed,— and,
amongst others, against McGahey, now intervener.   The de-
fendant Madden had not been personally served, and the suit
was continued as to him.   The complaint in intervention of
McGahey was filed January 6, 1899, — about six months after
the judgment against him and the other sureties.   The action

was dismissed, on the motion of the intervener, on the ground that the suit was commenced by the district attorney without authority of the board of supervisors, or other board or official having power to authorize the suit, and without authority of law.

The last proposition is contested by the appellant's counsel, who claim that, under the law, the district attorney is authorized, by virtue of his office, to bring suits of this character. The ruling of the court to the contrary was based on the supposed authority of the decision in *Ventura County* v. *Clay*, 119 Cal. 213. But it is claimed by the attorney-general and his associate counsel that the decision does not apply; and if it be held otherwise, the court is requested to review the decision, and to re-examine the question as to the authority of the district attorney to bring suits of this kind. This request, coming as it does from the highest officer representing the interests of the state in matters of litigation, we would willingly accede to, but, being of the opinion that the judgment must be reversed on other grounds, it will be unnecessary to consider either the rectitude or the application of the decision.

It appears without controversy that the action of the district attorney in bringing the suit was subsequently ratified and approved by the board of supervisors, and also by the grand jury, which, under section 929 of the Penal Code, had power to authorize the district attorney to institute and maintain the suit, and which in fact expressly directed him to continue the prosecution of this particular proceeding. The right of a defendant to move to dismiss a suit for lack of authority in the plaintiff's attorney to institute or maintain it is based on the ground that otherwise "he might be twice compelled to litigate the same cause of action" (Weeks on Attorneys, sec. 200); but this reason ceases, and with it the rule, if the act of the attorney is subsequently ratified by the plaintiff (Weeks on Attorneys, secs. 203, 206, p. 430 (at top); *Ryan* v. *Doyle*, 31 Iowa, 53.) In this respect the case of client and attorney cannot be distinguished from other kinds of agency.

We advise that the judgment be reversed and the cause remanded for further proceedings.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded for further proceedings.

Henshaw, J., McFarland, J., Temple, J.