[Sac. No. 837.   Department One. — November 29, 1901.]

THE PEOPLE, Plaintiff, v. JOHN MADDEN et al., Defendants. JOHN E. RAKER, Appellant. JOHN McGAHEY, Intervener, Respondent.

APPEAL — JUDGMENT FOR COSTS — TEST OF JURISDICTION — AMOUNT CLAIMED IN COMPLAINT. — In an action in the name of the people upon the official bond of a county treasurer, the amount claimed in the complaint is the test of jurisdiction; and where that amount was sufficient to give jurisdiction to the superior court, and to this court upon appeal, and the action was wrongfully dismissed on the ground of want of authority of the district attorney to prosecute it, a judgment rendered against the district attorney for costs in the sum of $18.75 was part of the general judgment, which this court has jurisdiction to review and reverse upon appeal.

APPEAL from a judgment of the Superior Court of Modoc County.   J. W. Harrington, Judge.

The facts are stated in the opinion in this case and in the opinion rendered in *People* v. *Madden*, 133 Cal. 347.

Spencer & Raker, and Clarence A. Raker, for Appellant.

G. F. Harris, for Respondent.

SMITH, C.—In the above-entitled case—which was a suit brought in the name of the people of the state against the defendant Madden, as treasurer of Modoc County, and his sureties,—judgment was entered on the motion of John McGahey, intervener, and now respondent, against the plaintiff, for the dismissal of the action, and against John E. Raker, the appellant,—who was plaintiff's attorney, and not otherwise connected with the case,—for costs. Appeals were taken by both parties affected, and on the appeal of the plaintiff the judgment was reversed, leaving the appeal of Raker still pending, though in effect determined. (*People* v. *Madden*, 133 Cal. 347.) It remains only, therefore, to enter the same judgment on the present appeal. The only point urged to the contrary that need be considered is, that the amount of the judgment ($18.75) was insufficient to give this court jurisdiction. But the judgment against the appellant was part of the general judgment rendered in a case of which the superior court had jurisdiction; and it follows, under the provisions of the constitution and the code, that this court has jurisdiction to review it. (Const., art. VI, secs. 4, 5; Code Civ. Proc., secs. 52, 57; *Dashiell* v. *Slingerland*, 60 Cal. 653; *Lord* v. *Goldberg*, 81 Cal. 596.[1]) The test of jurisdiction is the amount claimed in the complaint, which in this case was $34,825.35. (*Dashiell* v. *Slingerland*, 60 Cal. 653,656.) Accordingly, it was so held in the case of *Raker* v. *Superior Court* (Cal., Feb. 28, 1900), where a writ of *certiorari* was denied on the ground that petitioner had an adequate remedy by appeal.

We advise that the judgment be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.   Harrison, J., Garoutte, J., Van Dyke, J.

---

[1] 15 Am. St. Rep. 82.