Nadal, Demandante y Apelado, *v.* American Railroad Company of Porto Rico, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 996.—Resuelto en noviembre 14, 1913.

Jurisdicción del Tribunal Supremo—Examen de Oficio de Esta Cuestión.— Aunque la cuestión de la jurisdicción del Tribunal Supremo para conocer de una apelación no sea planteada por ninguna de las partes, el tribunal de oficio puede examinarla.

Apelaciones en Casos Originados en las Cortes Municipales—Jurisdicción del Tribunal Supremo—Valor de la Cosa Reclamada—Cuantía de la Sentencia.—Para determinar la jurisdicción del Tribunal Supremo en casos de apelación contra sentencias de las cortes de distrito en casos procedentes de las cortes municipales, debe atenderse a la cuantía de la demanda o de la reclamación, siempre que esa cuantía sea la materia a discutir en el recurso, y a la cuantía de la sentencia cuando la de ésta y no la de la demanda sea la materia del recurso.

Interpretación de las Leyes—Debe Darse Efecto a las Palabras.—Las leyes deben interpretarse siempre dándole efecto a todas sus palabras.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Federico G. Pérez Almiroty.*

Abogado de la apelada: *Sr. E. Ramírez Nadal.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El presente caso se originó en la Corte Municipal del distrito judicial municipal de Mayagüez por medio de demanda allí radicada en 28 de enero del corriente año, en la que Salvador Nadal reclama a *The American Railroad Company of Porto Rico* la suma de $400 en concepto de indemnización de daños y perjuicios causados al demandante por culpa y negligencia de la compañía demandada.

De dicho caso conoció en apelación mediante celebración de nuevo juicio la Corte de Distrito del distrito judicial de Mayagüez, la que lo decidió por sentencia de 9 de marzo último condenando a la demandada a satisfacer al demandante la suma de $280, con imposición de todas las costas y desembolsos del pleito.

Contra esta sentencia interpuso la parte demandada recurso de apelación para ante esta Corte Suprema, ante la que ha alegado cuanto ha estimado conducente en defensa del recurso.

No se ha levantado por parte alguna la cuestión de si esta Corte Suprema tiene o nó jurisdicción para conocer del recurso; pero como esa cuestión puede levantarse de oficio por esta misma corte, como así lo hemos resuelto varias veces interpretando el artículo 109 del Código de Enjuiciamiento Civil, la examinaremos previamente, pues si nos falta jurisdicción, estaremos impedidos de considerar y decidir el recurso en su fondo.

El estatuto que regula los casos en que procede el recurso de apelación para esta Corte Suprema es el artículo 295 del Código de Enjuiciamiento Civil que tal como ha sido enmendado por Leyes de 9 de marzo, 1905, y 11 de marzo, 1908, en lo pertinente dice así:

"Artículo 295.—Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1º. * * *.

"2º. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de

los 15 días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos e intereses excediera de $300.''

En el presente caso el valor de la cosa reclamada excede de $300, pues la parte demandante reclama de la demandada la suma de $400 por indemnización de daños y perjuicios, pero la cuantía de la sentencia es inferior a $300 por cuanto la demandada fué condenada a pagar al demandante $280 en el concepto indicado.

¿Para determinar la jurisdicción de esta corte, debemos atender a la cuantía de la demanda o a la de la sentencia?

Examinado el texto de nuestro estatuto que dejamos transcrito, no cabe establecer como regla general y absoluta que para fijar la jurisdicción de esta corte en casos originados en las cortes municipales debe atenderse siempre al valor de la reclamación, pues habrá casos en que deba atenderse a la cuantía de la sentencia.   Las palabras de la ley deben interpretarse siempre con efecto, y si admitiéramos que para determinar la viabilidad del recurso sólo debía atenderse a la cuantía de la reclamación, holgarían las palabras de la ley relativas a la cuantía de la sentencia.

Para que podamos dar efecto a las palabras del estatuto debemos interpretarlo en el sentido de que al determinar la jurisdicción de esta Corte Suprema en casos de apelación contra sentencias de las cortes de distrito en casos procedentes de las cortes municipales, debe atenderse a la cuantía de la demanda o de la reclamación siempre que esa cuantía sea la materia a discutir en el recurso y a la cuantía de la sentencia cuando la de ésta y no la de la demanda sea la materia del recurso.

Con arreglo a la anterior doctrina, si Salvador Nadal hubiera interpuesto recurso de apelación contra la sentencia que pronunció la Corte de Distrito de Mayagüez, para que se le reconociera la indemnización de $400 que había solicitado en la demanda, la jurisdicción de esta Corte Suprema se determinaría por la cuantía de la misma demanda, pero como

él no interpuso recurso de apelación sino que fué interpuesto por la demandada *The American Railroad Company of Porto Rico,* para que se le relevara de la indemnización de $280 a que estaba condenada por sentencia, procede determinar la jurisdicción de esta corte por la cuantía de la sentencia, cuya cuantía y no la de la demanda es la materia a discutir en el recurso.   Tan es así que no habiéndose interpuesto por Salvador Nadal recurso de apelación, esta corte no podría acordarle indemnización superior a la de $280 que se le reconoce por la sentencia apelada.

Por las razones expuestas entendemos que esta corte carece de jurisdicción para conocer del recurso y que éste debe desestimarse.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.