ENRIQUE ESPINOSA, demandante y apelado, *v.* PORTO RICO TELEPHONE COMPANY, demandada y apelante.

No. 5095.—*Sometido:* Noviembre 25, 1929. *Resuelto:* Enero 31, 1930.

*J. Sifre, Jr.* y *Diego O. Marrero,* abogados de la apelante; *V. Géigel,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este caso se originó en la Corte Municipal de San Juan en reclamación de salarios descontados del sueldo del demandante por la demandada para el sostenimiento de una sociedad llamada "Fondo Benéfico y de Retiro."

Dice el demandante en la alegación séptima de su demanda:

"Que, según su mejor información y creencia, la demandada ha descontado de la compensación o sueldo del demandante, desde el 1 de marzo de 1918, hasta el 31 de diciembre de 1926, una suma aproximada de $400.00, para el referido fondo."

Y pide en la súplica:

". . . suplica que, en su día, declare con lugar esta demanda y condene a la demandada a reembolsar al demandante la suma de $400.00 o la cantidad exacta que le hubiere descontado de su sueldo . . ."

La demandada contestó:

"En cuanto al hecho séptimo de la demanda, niega la demandada que al demandante le fuera descontada la suma de $400.00 para el referido Fondo Benéfico, y alega expresamente que la suma total a que ascienden los indicados descuentos es únicamente $265.00."

Bajo esas alegaciones fué el pleito a juicio y la corte municipal lo falló en contra del demandante. Apeló éste para ante la corte del distrito y visto el caso de nuevo la corte dictó sentencia condenando a la demandada a pagarle $265. No conforme entonces la demandada apeló para ante este tribunal.

Así las cosas la parte apelada solicitó la desestimación del recurso por no estar autorizado por la ley. Ambas partes fueron oídas ampliamente sobre el particular.

La ley vigente en Puerto Rico es el artículo 295 del Código de Enjuiciamiento Civil tal como quedó enmendado en 1905 y que, en lo pertinente, expresa:

"Artículo 295.—Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1º—*          *          *          *          *          *

"2º—De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los 15 días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos e intereses excediera de $300.00."

Y esta Corte Suprema interpretando el estatuto en el caso

de *Nadal* v. *American Railroad Co. of P. R.,* 19 D.P.R. 1080, 1082, por medio de su Juez Presidente Sr. Hernández, dijo:

"Examinado el texto de nuestro estatuto que dejamos transcrito, no cabe establecer como regla general y absoluta que para fijar la jurisdicción de esta corte en casos originados en las cortes municipales debe atenderse siempre al valor de la reclamación, pues habrá casos en que deba atenderse a la cuantía de la sentencia. Las palabras de la ley deben interpretarse siempre con efecto, y si admitiéramos que para determinar la viabilidad del recurso sólo debía atenderse a la cuantía de la reclamación, holgarían las palabras de la ley relativas a la cuantía de la sentencia.

"Para que podamos dar efecto a las palabras del estatuto debemos interpretarlo en el sentido de que al determinar la jurisdicción de esta Corte Suprema en casos de apelación contra sentencias de las cortes de distrito en casos procedentes de las cortes municipales, debe atenderse a la cuantía de la demanda o de la reclamación siempre que esa cuantía sea la materia a discutir en el recurso y a la cuantía de la sentencia cuando la de ésta y no la de la demanda sea la materia del recurso.

"Con arreglo a la anterior doctrina, si Salvador Nadal hubiera interpuesto recurso de apelación contra la sentencia que pronunció la Corte de Distrito de Mayagüez, para que se le reconociera la indemnización de $400 que había solicitado en la demanda, la jurisdicción de esta Corte Suprema se determinaría por la cuantía de la misma demanda, pero como él no interpuso recurso de apelación sino que fué interpuesto por la demandada The American Railroad Company of Porto Rico, para que se le relevara de la indemnización de $280 a que estaba condenada por sentencia, procede determinar la jurisdicción de esta corte por la cuantía de la sentencia, cuya cuantía y no la de la demanda es la materia a discutir en el recurso. Tan es así que no habiéndose interpuesto por Salvador Nadal recurso de apelación, esta corte no podría acordarle indemnización superior a la de $280 que se le reconoce por la sentencia apelada."

Este caso es aún más fuerte que el de Nadal, *supra,* porque aquí no sólo la sentencia es inferior a $300 y es la demandada la que apela, si que dada la forma en que el demandante planteó el debate y éste fué aceptado por la demandada y quedó luego fijado por la prueba sancionada en la

sentencia, la verdadera cuantía envuelta en el litigio fué siempre inferior a trescientos dólares.

*Por virtud de lo expuesto es claro que esta corte no tiene jurisdicción para conocer de esta apelación en su fondo. La moción de la parte apelada debe declararse con lugar y en su consecuencia desestimarse el recurso.*