Miguel J. Arzuaga, demandante y apelado, *v.* Cándido Ramírez Muñoz, E. Ortiz Sandoval y Juan Pomales, demandados y apelantes.

Núm. 7988.—*Sometido:* Junio 12, 1939. *Resuelto:* Junio 13, 1939.

*L. Lloréns Torres* y *A. D. Marchand Paz,* abogados de los apelantes; *F. González Fagundo,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Ésta es una apelación de una sentencia dictada por la Corte de Distrito de San Juan en un pleito que fué a ella procedente de la Corte Municipal de Río Piedras condenando a los demandados a pagar al demandante ciento cincuenta dólares con las costas sin incluir honorarios de abogado, cuya desestimación, por falta de jurisdicción, solicita la parte apelada.

Funda la dicha parte apelada su moción en que siendo la cuantía de la sentencia inferior a trescientos dólares, no procede el recurso para ante este tribunal de acuerdo con lo prescrito en el art. 295 del Código de Enjuiciamiento Civil, a saber:

"Artículo 295.—Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

``. . . . . . . . . .

"2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dólares.

``. . . . . . . . . .

La parte apelante se opone alegando que habiéndose reclamado y concedido en la Corte Municipal la suma de cuatrocientos sesenta dólares, es ésa la cuantía determinante de la jurisdicción y no la de la sentencia que dictara la corte de distrito en grado de apelación.

■■ Hace ya años que el precepto de ley envuelto fué interpretado y aplicado por esta Corte Suprema. En el caso

de *Nadal* v. *Am. R. R. Co.,* 19 D.P.R. 1080, 1082, hablando por su Juez Presidente Sr. Hernández, se expresó así:

"¿Para determinar la jurisdicción de esta corte, debemos atender a la cuantía de la demanda o a la de la sentencia?

"Examinado el texto de nuestro estatuto que dejamos transcrito, no cabe establecer como regla general y absoluta que para fijar la jurisdicción de esta corte en casos originados en las cortes municipales debe atenderse siempre al valor de la reclamación, pues habrá casos en que deba atenderse a la cuantía de la sentencia. Las palabras de la ley deben interpretarse siempre con efecto, y si admitiéramos que para determinar la viabilidad del recurso sólo debía atenderse a la cuantía de la reclamación, holgarían las palabras de la ley relativas a la cuantía de la sentencia.

"Para que podamos dar efecto a las palabras del estatuto debemos interpretarlo en el sentido de que al determinar la jurisdicción de esta Corte Suprema en casos de apelación contra sentencias de las cortes de distrito en casos procedentes de las cortes municipales, debe atenderse a la cuantía de la demanda o de la reclamación siempre que esa cuantía sea la materia a discutir en el recurso y a la cuantía de la sentencia cuando la de ésta y no la de la demanda sea la materia del recurso.

"Con arreglo a la anterior doctrina, si Salvador Nadal hubiera interpuesto recurso de apelación contra la sentencia que pronunció la Corte de Distrito de Mayagüez, para que se le reconociera la indemnización de $400 que había solicitado en la demanda, la jurisdicción de esta Corte Suprema se determinaría por la cuantía de la misma demanda, pero como él no interpuso recurso de apelación sino que fué interpuesto por la demandada *The American Railroad Company of Porto Rico,* para que se le relevara de la indemnización de $280 a que estaba condenada por sentencia, procede determinar la jurisdicción de esta corte por la cuantía de la sentencia, cuya cuantía y no la de la demanda es la materia a discutir en el recurso. Tan es así que no habiéndose interpuesto por Salvador Nadal recurso de apelación, esta corte no podría acordarle indemnización superior a la de $280 que se le reconoce por la sentencia apelada."

Aplicada esa jurisprudencia a los hechos de este caso, lo resuelve en favor de la moción. El demandante reclamó $460. La corte municipal condenó a los demandados a pagárselos. Apelaron los demandados para ante la corte del dis-

trito. Ésta juzgó el caso de nuevo y dictó sentencia por $150. El demandante se conformó. ¿Pueden los demandados continuar apelando para ante este tribunal? No, porque dada la actitud asumida por el demandante la única cuantía finalmente envuelta en el litigio ha llegado a ser la de la sentencia, que es inferior a la suma jurisdiccional. La situación ahora es la misma que si se hubiera establecido originalmente la reclamación por ciento cincuenta dólares.

*Debe desestimarse el recurso por falta de jurisdicción.*