560

FILARDI HERMANOS, Plaintiff and Appellee, *v.* JUAN ARBONA FRONTERA, Defendant and Appellant.

No. 8305. Argued November 17, 1941.—Decided December 3, 1941.

*Tomás Paz* for appellant. *Luis López de Victoria* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Filardi Hermanos, a partnership whose business is the distribution of electric power in Yauco, brought, in the municipal court of said town, an action against Juan Arbona Frontera to recover the sum of $499, as the amount due for electric current supplied to him on open account. The defendant answered and denied all the essential averments of the complaint, and after a trial the municipal court found against the defendant who was adjudged to pay $278.55 with interest thereon at the legal rate, from the filing of the complaint, and costs. On appeal from that judgment and after a trial *de novo*, the District Court of Ponce, finding that in the claim for $499 there had been included $243.25 as interest at 10 and 9 per cent per annum, without it being shown that the defendant had undertaken to pay interest,

deducted from the sum claimed the amount of interest and rendered judgment in favor of the plaintiff for $255.75, with interest thereon at the legal rate, and costs but without including attorney's fees.

Thereupon the defendant Arbona took the present appeal the dismissal of which is sought by the plaintiff appellee, on the ground that this court is without jurisdiction to take cognizance of the same, as the amount of the judgment appealed from does not exceed $300.

 Section 295 of the Code of Civil Procedure, which enumerates the cases wherein appeals may be taken to the Supreme Court from the judgments of district courts, provides:

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300)."

The appellant insists that, as Filardi Hermanos had claimed in the municipal court the sum of $499, this sum, and not the amount of the judgment rendered by the district court on appeal, determines the jurisdiction.

A question similar to the one now raised by the appellant was decided adversely to him in *Nadal* v. *American R. R. Co.*, 19 P.R.R. 1024, and in *Arzuaga* v. *Ramírez Muñoz*, 55 P.R.R. 101. In the latter case, after citing and confirming the decision in *Nadal* v. *American R. R. Co., supra,* this court speaking through Mr. Chief Justice del Toro said:

"Applying this jurisprudence to the facts of this case, it decides it in favor of the motion. The complaint claimed four hundred and sixty dollars. The municipal court ordered the defendants to pay it to them. The defendants appealed to the district court. The district court held the new trial and rendered judgment for one hundred and fifty dollars. The complainant accepted the judgment. Can the defendants appeal to this court? No, given the attitude assumed by the complainant, the only sum finally involved in the case is the

562

amount of the judgment which is less than the jurisdictional amount. The situation is now the same as if the complaint had been made originally for one hundred and fifty dollars.

"The appeal should be dismissed for lack of jurisdiction."

The cases which the appellant cites, in opposition to the motion to dismiss (2 Cal. Jur. 199, 204, and 205; *Dashiell* v. *Slingerland,* 60 Cal. 653; *People* v. *Madden,* 134 Cal. 611; and *Rubio Cañon Land & W. Assn.* v. *Everett,* 154 Cal. 29), are. not applicable. The language of the Constitution and statute of California, as construed in those cases, is substantially different from that of Section 295 (2) of our Code of Civil Procedure.

The appeal must be dismissed for want of jurisdiction.