FILARDI HERMANOS, demandante y apelada, *v.* JUAN ARBONA FRONTERA, demandado y apelante.

Núm. 8305.—*Sometido:* Noviembre 17, 1941. *Resuelto:* Diciembre 3, 1941.

*Tomás Paz,* abogado del apelante; *Luis López de Victoria,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La sociedad Filardi Hermanos, que se dedica al negocio de distribución de energía eléctrica en Yauco, demandó ante la corte municipal de dicho pueblo a Juan Arbona Frontera, reclamándole el pago de la suma de $499, como importe de

energía eléctrica que le había sido suministrada en cuenta corriente. Contestó el demandado negando todos los hechos esenciales de la demanda, y celebrado el juicio la corte municipal dictó sentencia condenando al demandado al pago de la suma de $278.55, intereses legales desde la fecha de interposición de la demanda y costas. Apelada dicha sentencia. y visto el caso *de novo,* la Corte de Distrito de Ponce, considerando que en la suma de $499 que se reclamaba · iba: incluída la de $243.25, por concepto de intereses al 10 por ciento y 9 por ciento anual, sin que se probara que el demandado se hubiese obligado al pago de intereses, dedujo de la suma reclamada el importe de los intereses y dictó sentencia a favor de la demandante por $255.75, más intereses legales y costas sin incluir honorarios de abogado.

No conforme, el demandado Arbona interpuso el presente recurso. La demandante apelada solicita la desestimación por el alegado fundamento de que esta Corte Suprema carece de jurisdicción para conocer del mismo, por no exceder de $300 la cuantía de la sentencia recurrida.

██ El artículo 295 del Código de Enjuiciamiento Civil, que es el que enumera los casos en que podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito, dispone:

"2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dólares."

Insiste el apelante en que habiendo Filardi Hermanos reclamado en la corte municipal la suma de $499, es ésa la cuantía determinante de la jurisdicción y no la de la sentencia que dictara la corte de distrito en grado de apelación.

La misma cuestión planteada por la parte apelante fué resuelta en su contra en *Nadal* v. *American R. R. Co.,* 19 D.P.R. 1080, y en *Arzuaga* v. *Muñoz,* 55 D.P.R. 106. En

este último caso, después de citar y confirmar lo resuelto en *Nadal* v. *American R. R. Co.,* supra, este Tribunal, por voz de su Juez Presidente, Sr. Del Toro, se expresó así:

"Aplicada esa jurisprudencia a los hechos de este caso, lo resuelve en favor de la moción. El demandante reclamó $460. La corte municipal condenó a los demandados a pagárselos. Apelaron los demandados para ante la corte de distrito. Ésta juzgó el caso de nuevo y dictó sentencia por $150. El demandante se conformó. ¿Pueden los demandados continuar apelando para ante este tribunal? No, porque dada la actitud asumida por el demandante la única cuantía finalmente envuelta en el litigio ha llegado a ser la de la sentencia, que es inferior a la suma jurisdiccional. La situación ahora es la misma que si se hubiera establecido originalmente la reclamación por ciento cincuenta dólares.

"Debe desestimarse el recurso por falta de jurisdicción."

Los casos citados por la apelante, en oposición a la desestimación (2 Cal. Jur. 199, 204 y 205; *Dashiell* v. *Slingerland,* 60 Cal. 653; *People* v. *Madden,* 134 Cal. 611, y *Rubio Cañon Land & W. Assn.* v. *Everett,* 154 Cal. 29) no son aplicables. El lenguaje de la Constitución y del estatuto de California, que se interpreta en los citados casos, es substancialmente distinto al del artículo 295, párrafo 2, del Código de Enjuiciamiento Civil.

*El recurso debe ser desestimado por falta de jurisdicción.*