HELEN F. BLANKEN AND SAMUEL BLANKEN, PLAINTIFFS, v. NATHAN BRASLOW AND LILLIAN BRASLOW, TRADING AS THE METROPOLITAN HOTEL, DEFENDANTS.

Decided September 14, 1943.

Before Justice DONGES, sitting pursuant to the statute.

For the plaintiffs, *T. Millet Hand.*

For the defendants, *DeBrier & Shahadi* and *Harry Miller.*

DONGES, J. Defendant has filed a petition seeking the removal of the cause to the federal court. The plaintiffs are husband and wife and she sues to recover damages resulting from personal injuries sustained in a fall on hotel premises operated by the defendants in Cape May County, New Jersey. The husband sues *per quod* for his incidental expenses. Each plaintiff demands damages in the amount of $2,500. The plaintiffs are residents of the District of Columbia and the defendants are residents of the State of Pennsylvania.

A cause removable under the federal statute is presented provided the amount in controversy is in excess of the sum of $3,000. Defendants claim that because the aggregate of the damages claimed is $5,000, the amount is in excess of $3,000. Plaintiffs claim that there are two amounts in controversy, each of less than $3,000 and therefore the cause may not be removed.

The rule has been laid down by the United States Supreme Court in *Troy Bank of Troy, Indiana,* v. *H. A. Whitehead & Co.,* 222 *U. S.* 39; 56 *L. Ed.* 81, as follows:

"When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount."

Do plaintiffs here seek to enforce a "single title or right, in which they have a common and undivided interest" or have they combined "separate and distinct demands?" In *Kimpel* v. *Moon,* 113 *N. J. L.* 220, it was said: "A husband who sues for loss of consortium sues not in his wife's 'right but in his own; likewise as to money disbursements incurred by him. His wife never had the right to those recoveries." It was held in that case that a husband's contributory negligence would bar his recovery for disbursements and loss of consortium under circumstances under which the wife was entitled to recover against the defendant for her personal injuries. It is not disputed that the husband and wife, plaintiffs herein, could have brought separate suits. They have

combined them for convenience. Their rights to recover would be controlled by the same factual situation, when their causes were submitted together, but that would not operate to make their causes of action a single one.

The rule in New Jersey being that the husband and wife have separate causes of action and the law respecting the jurisdiction of the federal court being as quoted above from the opinion of the United States Supreme Court, I conclude that the amount in controversy is not in excess of $3,000, because it is essential, in such circumstances, that the amount of each demand be of the jurisdictional sum. The petition for removal is denied.