Jesús Ayala, et al., demandantes y apelados, *v.* Martín Martell, demandado y apelante.

Núm. 9140.—*Sometido:* Abril 6, 1945. *Resuelto:* Mayo 31, 1945.

*Otero Suro & Otero Suro,* abogados del apelante; *Bauzá & Bauzá,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se trata de una moción de desestimación radicada por los apelados contra apelación interpuesta por el patrono en un caso de reclamación de salarios de acuerdo con la Ley núm. 10 de 14 de noviembre de 1917 (II pág. 217), según posteriormente enmendada. El apelante fué notificado de la moción y no ha radicado oposición alguna a la misma. De la certificación expedida por la Secretaría de la Corte de Distrito de San Juan aparece lo siguiente:

Acogiéndose al referido estatuto, dieciséis obreros radicaron conjuntamente su querella contra el patrono Martín Martell ante la Corte Municipal de San Juan, la cual dictó sentencia en 30 de marzo de 1944. Apelado el caso ante la Corte de Distrito de San Juan, ésta a su vez dictó sentencia a favor de ocho de los querellantes concediéndoles las siguientes sumas: Lorenzo Galindo, $220.40; Jesús Ayala, $46.80; Pedro Cruz, $114.40; Ramón Padilla Ríos, $97.02; José Pastrana, $185.60; Ramón Marcón, $206; Alberto Ilarraza, $145.60; y Eusebio Colón, $62.65, incluyendo dicha sentencia las costas. El querellado apeló para este Tribunal y los querellantes radicaron la presente moción para desestimar.

Sostienen los apelados, (1) que la cuantía determinante de la jurisdicción apelativa de este Tribunal en casos originados en las cortes municipales es la cuantía de la sentencia, pero que en este caso la sentencia obtenida individualmente por ellos es menor de $300, y por tanto deben considerarse separadamente las sumas concedidas en la sentencia y no el total de las mismas, y (2) que, no llegando ninguna de ellas a $300 debe desestimarse la apelación por falta de jurisdicción.

■ No es cierto que nuestra jurisdicción apelativa en los casos originados en las cortes municipales se limita exclusivamente a aquellos en que la cuantía de la sentencia apelada exceda de $300. El artículo 295 del Código de Enjuiciamiento Civil, Ed. 1933, dispone que:

"Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:
"1.    *    *    *    *    *    *    *
"2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, *si el valor de la cosa reclamada o cuantía de la sentencia* sin comprender frutos o intereses, excediera de trescientos dólares." (Subrayado nuestro).

Desde 1913, en *Nadal* v. *American Railroad Company*, 19 D.P.R. 1080, interpretando dicho artículo se dijo:

"Para que podamos dar efecto a las palabras del estatuto debemos interpretarlo en el sentido de que al determinar la jurisdicción de esta Corte Suprema en casos de apelación contra sentencias de las cortes de distrito en casos procedentes de las cortes municipales, debe atenderse a la cuantía de la demanda o de la reclamación siempre que esa cuantía sea la materia a discutir en el recurso y a la cuantía de la sentencia cuando la de ésta y no la de la demanda sea la materia del recurso."

La doctrina expuesta en este caso se ratificó en *Gutiérrez* v. *Díaz*, 20 D.P.R. 270, 271, *Espinosa* v. *P. R. Telephone Co.*, 40 D.P.R. 518; *Arzuaga* v. *Muñoz*, 55 D.P.R. 106 y *Filardi Hermanos* v. *Arbona*, 59 D.P.R. 560.

■ De acuerdo con esta jurisprudencia, la cuestión a resolver en este recurso es la determinación de cuál es la cuantía de la sentencia de la cual apela el demandado Martell, es decir si debe tomarse como base de la cuantía jurisdiccional el total de las reclamaciones concedidas a los apelados o por el contrario la suma separada concedida a cada uno de ellos.

La cuestión es nueva en esta jurisdicción. Se trata de un caso iniciado bajo una ley especial la cual expresamente

permite la acumulación de distintas reclamaciones de salarios en una misma demanda.(¹)

La concesión de ese derecho ha sido hecha a favor de los obreros y empleados con el fin de acortar y facilitar los procedimientos en la reclamación de sus salarios. ¿Implica esto que deban acumularse asimismo las sumas concedidas individualmente a cada obrero con el fin de cubrir la cuantía jurisdiccional apelativa? La pregunta debe contestarse en la negativa.(²)

La regla general prevaleciente a través de la jurisprudencia se expone en 2 Am. Jur. 884 en el sentido de que "la acumulación en una demanda bien sea de demandantes o de demandados quienes ejercitan o se defienden de acciones separadas no tiene el efecto de ampliar la jurisdicción apelativa de una corte. Las reclamaciones de cada uno se consideran como pleitos separados y distintos y no pueden unirse o sumarse en apelación. Si la cuantía envuelta en cuanto a una de las partes no es suficiente para conferir jurisdicción se desestimará el recurso en cuanto a ese apelante." La regla fué aplicada por la Corte Suprema Nacional en el caso de *Seaver* v. *Bigelows,* 5 Wall 208 (1867) diciéndose: "Por lo tanto, sostener una apelación en esta clase de casos, donde intereses separados y distintos están en disputa, en una

---

(¹)El segundo párrafo de la sección 1 de dicho estatuto (Ley núm. 10 de 14 de noviembre de 1917, según ha sido subsiguientemente enmendada), dispone que:

"Podrán acumularse en una misma querella las reclamaciones de todos los obreros y empleados de un mismo patrono que hubieran dejado de percibir sus salarios devengados en una obra común: . . . ."

(²)Aun la regla 20(a) de las Reglas de Enjuiciamiento Civil, la cual dispone *ab initio* que "Todas aquellas personas que aleguen cualquier derecho a un remedio, ya sea conjuntamente entre sí, separadamente, o en la alternativa *respecto a o que surja de la misma transacción, evento o serie de transacciones o eventos, podrán ser acumuladas en una acción como demandantes, siempre que surja de la acción una cuestión de hecho o de derecho, común a todas. . . .*" (Bastardillas nuestras), ha sido interpretada como únicamente una regla de procedimiento cuyo propósito es el de remover los obstáculos procesales de la ley común, y sin efecto alguno en cuanto a los derechos sustantivos de las partes. *Lansburgh & Bro.* v. *Clark,* 127 F.2d 331.

suma menor que la que requiere el estatuto, y donde la acumulación de partes es permitida por la mera indulgencia de la corte, para su conveniencia y para ahorrar gastos, sería conceder un privilegio a las partes no concedido a otros litigantes lo que está prohibido por ley."[3]

La regla fué aplicada a una reclamación de salarios en el caso de *Miller* v. *Carlisle,* 59 Pac. 785, donde cinco demandantes se unieron en una sola acción para reclamar sus respectivos derechos (*mechanics' liens*) por trabajo realizado para los demandados. La reclamación de cada demandante se hacía por separado en la demanda, y aunque el total ascendía a $1,100, ninguna excedía de $300. Una ley especial permitía la acumulación de las acciones, disponiendo que "cualquier número de personas reclamando gravámenes [liens] podrán unirse en una misma acción y cuando se comenzaren acciones por separado la corte podrá consolidarlas." La corte inferior dictó sentencia declarando sin lugar la reclamación de gravámenes (liens) pero resolvió que los demandados adeudaban cierta suma a los demandantes. Los demandados apelaron para ante la Corte Suprema de California, cuya jurisdicción apelativa para esa fecha no comprendía casos en que la cuantía reclamada fuera menor de $300. La corte resolvió, en parte, que al no haber prueba que demostrara una deuda común, y al declararse sin lugar sus derechos reclamados ("where their liens are defeated"), la sentencia que pudiera recaer sería individual a favor de cada demandante, ya que las demandas no podían acumularse para los efectos de dar jurisdicción a la corte cuando cada

---

[3] Al mismo efecto véanse *Winrod* v. *Wolters,* 74 Pac. 1037, 1038; *Wallins Creek Collieries Co.* v. *Marshall,* 290 S.W. 519, 520; *Troy Bank* v. *Whitehead & Co.,* 222 U.S. 39; *Clark* v. *Paul Gray, Inc.* 306 U.S. 583, 589; *Thomson* v. *Gaskill,* 315 U.S. 442, 446–7; *Bolling* v. *Old Dominion Power Co., Inc.,* 25 S.E.2d 266, 268 (1943); *Blanken* v. *Braslow,* 33 A.2d 742 (1943); *Division 525, Order of Ry. Conductors of America* v. *Gorman,* 133 F. 2d 273; *Sturgeon* v. *Great Lakes Steel Corporation,* 143 F. 2d 819, 821 (1944); Monografía en 72 A.L.R. 193, *Criterion of jurisdictional amount where several claimants are interested;* 26 California Law Réview 463. *Cf.* Nota (21) *Avellanet* v. *P. R. Express Co.,* 64 D.P.R. 693.

demanda individual caía bajo la cuantía jurisdiccional señalada por la Constitución del Estado.

Un caso similar al de autos fué el de *Wallins Creek Collieries Co. v. Marshall*, 290 S. W. 519, en el cual varios demandantes reclamaron salarios y solicitaron sentencia por la suma adeudada a cada uno de ellos y además por la suma total. La corte dictó sentencia, no por la suma total, sino que concedió individualmente a cada demandante una suma menor de $500 que se le debía bajo el contrato de trabajo. El demandado apeló y los demandantes presentaron moción solicitando la desestimación. De acuerdo con el estatuto vigente la cuantía para poder apelar a la Corte de Apelaciones de Kentucky tenía que ser mayor de $500 a menos que dicha corte expresamente concediera una apelación si el valor de la cosa en controversia, sin incluir intereses y costas, llegara a $200. Al declarar con lugar la moción de desestimación, la corte dijo:

"Es obvio que cada pleito es uno por un número de demandantes sosteniendo reclamaciones separadas debido a la violación de un contrato para su beneficio por el mismo demandado e igualmente obvio que así lo consideró la corte sentenciadora.

"Es claro, por tanto, que ninguno de los demandantes tenía interés alguno en cualquier sentencia separada dictada para beneficio de otro de los demandantes, porque si cualquiera de ellos quisiera hacer cumplir la sentencia separada dictada a su favor tendría derecho a ejecutarla, únicamente por la cantidad de tal sentencia y no tendría derecho a ejecutar ninguna de las demás sentencias separadas dictadas para beneficio de los demás demandantes.

"          *          *          *          *          *          *          *

"Ha sido resuelto muchas veces por esta corte que reclamaciones separadas y distintas de varios demandantes contra un demandado no pueden sumarse con el fin de conceder jurisdicción a esta corte en apelación. Claramente, por tanto, si la corte inferior hubiera desestimado la petición de los demandantes en estas dos acciones, habiendo ellos reclamado numerosas sumas que se les debían, separadamente, no habiendo ningún demandante cuya reclamación llegara a $500 o más, ninguno de ellos hubiera podido, como cuestión de derecho, pro-

seguir una apelación a esta Corte. . . es obvio que el demandado contra quien se dictaron estas sentencias separadas, tampoco deba tener tal derecho.'' (Pág. 520).

En igual forma en el caso de autos cada uno de los demandantes obtuvo una sentencia a su favor por una suma menor de $300. Al ejecutarla sólo podía hacerlo por la suma concedida a cada uno de ellos sin tomar en consideración la concedida a los demás. La sentencia, al conceder una suma determinada a cada demandante, tiene el mismo efecto que de haberse radicado ocho demandas se hubieran dictado ocho sentencias separadas. La acumulación de las distintas reclamaciones autorizada por la ley especial con el fin de facilitar, tanto para los litigantes como para la corte estos procedimientos sobre reclamación de salarios, cuando los obreros reclamantes trabajaron para un mismo patrono en una empresa común, no debe tener el efecto de variar la cuantía jurisdiccional apelativa de esta Corte. La cuantía de las sentencias en estos casos siendo menor de $300 en cada caso, *procede la desestimación del recurso por falta de jurisdicción.*